FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE
FOR MASSACHUSETTS

2004 JUN 14 P 12: 28

U.S. DISTRICT COURT
DISTRICT OF MASS.

IN THE MATTER OF THE APPLICATION OF:

**PIERRE NASSIF,**
  **Petitioner**

Vs.

**JOSEPH F. MC DONOUGH, WARDEN AND SHERIFF, PLYMOUTH COUNTY CORRECTIONAL FACILITY,**
  **Respondent**

04 11312 REK

MAGISTRATE JUDGE _____

No. _____

RECEIPT # _____ 56543
AMOUNT $ _____
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. 20.00
DATE 6/14/04

## Petition for Issuance of Writ of Habeas Corpus

1.  The petition of Pierre Nassif (A22 497 157) referred to as Petitioner, for a writ of habeas corpus, respectfully represents that the Petitioner, who has been in the custody of the Respondent since January 30, 2002, is subject to restraint, arrest and detention.  The Petitioner states that he has been detained at the Plymouth County Correctional Facility, 26 Long Pond Road, Plymouth, Massachusetts by Department of Homeland Security, the Bureau of Immigration and Custom Enforcement, Detention and Removal Operations, New England Field Division. The Petitioner states that he has named the Respondent as the person having physical custody pursuant to the case of *Vasquez v. Reno*, 233 F. 3d. 688 (1st Cir. 2000).  Petitioner acknowledges that the definition of custody has resulted in a split in United States Circuit Courts of Appeals, and that the matter is unclear as reflected in a fuller discussion in *Jose Pidilla v. Rumsfeld*, 352 F. 3d. 695 (2003). The Petitioner has followed the opinion of the First Circuit Court in *Vasquez* but the Petitioner respectfully states that should the Court determine if the Writ is issued, that the proper party to be served is the Department of Homeland Security. Petitioner will effectuate service as ordered by the Court.

2.  The Petitioner alleges that his restraint and detention is illegal as more particularly alleged below. The Court has jurisdiction and authority to review an indefinite detention and a violation of due process under the Fifth Amendment *Zadvydas v. Davis*, 533 U.S. 678 (2001).  The Petitioner respectfully requests that the Writ be

1

directed to the Respondent, or the party designated by the Court and that the Respondent or designated party be required to produce the Petitioner.

3.  The Court, pursuant to 28USC§2241 has the authority to grant the writ and the Respondent is subject to the jurisdiction of the Court. The Petitioner recognizes the authority of the Court to review the Petition under 18 USC §2254, specifically Rule 1(b) which states:

> (b) Other Situations. In Applications for habeas corpus in cases not covered by subdivision (a), these rules may be applied at the discretion of the United States District Court.

The Petitioner has attempted to incorporate where relevant in the body of this Petition the information which would be used in the Model Form for use in application of Habeas Corpus under Rule 28 USC 2254 but to the extent that the Petitioner is not attacking a Judgment, or the conduct of a trial, or the plea which was entered, or any appeal from a state conviction, the requirements of the model Petition in the present situation do not appear to be applicable in the matter under consideration by the court.

4.  The Petitioner is being held and is being detained by the Respondent in the Plymouth County Correctional Facility, 26 Long Pond Road, Plymouth, Massachusetts, pursuant to an arrangement between the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement, Detention and Removal Operations, New England Field Division and the Plymouth County Correctional Facility to detain Petitioners transported by the Department of Homeland Security to that facility.

5.  The Petitioner was born on 3/22/1966 and entered the United States from Lebanon on 9/29/1978. He became a lawful permanent resident on 12/18/1978.

6.  The Petitioner was convicted in a state court on 3/7/2001 of an assault and battery, and was sentenced to serve a year in prison, and to be on probation for two years.

7.  Pursuant to §236(c) of the Immigration and Nationality Act as amended, [8USC§1226(c)] which pertains to the detention of criminal aliens deportable under §237(a)(2)(A)(i) [8USC§1227 and 8USC§1227(a)], and allows the removal of an alien by the Attorney General if the alien is convicted of a crime punishable by a sentence of a year or longer, or a crime classified as aggravated felony, or for multiple criminal convictions, a warrant for the arrest of the Petitioner by Immigration and Naturalization Service on 1/30/2002. On that date a warrant was served on the Petitioner and the Petitioner was taken into custody as authorized by §236 of the Immigration and Nationality Act [8USC§1226].

8.  Proceedings were then commenced in the United States Immigration Court in Boston on the issue of removal and after a hearing on 11/26/2002, the Petitioner was ordered removed from the United States.

9.  The Petitioner continues to be detained at the Plymouth County Correctional Facility.

10. The procedure for the execution of the Order for the removal of the alien as published in 8USC§1231(a)(1)(A) and as set forth in 8CFR§241.4 has been

reviewed by the United States Supreme Court in **Zadvydas v. Davis** 533 US 678 (2001). The Attorney General shall remove the alien from the United States within a period of 90 days. In **Zadvydas**, Supra the United States Supreme Court held that aliens under final order of removal can be detained only for a period reasonably necessary to bring about their removal, and that a period of up to six months for the removal after a final Order is presumptively reasonable. After six months, if there is no significant likelihood of removal in the reasonable foreseeable future, the government must release the alien or provide justification for the indefinite detention.

11. The Petitioner has co-operated in every way with the government and has not frustrated the efforts to remove him from the United States, nor is there any mention of evidence of any terrorist activity by the Petitioner.

12. Custody review procedures have been established by the Respondent for three month reviews if there is a reasonable likelihood of a reasonably foreseeable removal. Custody review procedures do not apply if the service determines that there is no reasonable likelihood that the alien under a final order of removal can be removed in the foreseeable future.

13. On 8/19/2003 the Petitioner was advised by letter from the Department of Homeland Security that a decision was made to continue his detention **BECAUSE HIS REMOVAL WAS CONSIDERED IMMENENT** and that travel documents had been requested through the Consulate General of Lebanon. See **Exhibit "A"**.

14. On 1/16/2004 the Petitioner received a letter stating that a decision had been made to continue his detention and that although the Department of Homeland Security had been issued a thirty-day travel document in November 2003 from the Lebanese government, the travel documents expired because the United States Government claimed it could not secure an airline seat. The Department of Homeland Security stated in the letter -- See **Exhibit "B"** -- that a request was forwarded to the Consulate of Lebanon hoping for a positive response in the near future. The Petitioner was also advised in said letter that there was no evidence that the Consulate would not provide new documents in the reasonably foreseeable future.

15. The Department of Homeland Security has made ineffective attempts to remove the Petitioner and its failure to secure an airline seat or to secure travel documents from the Consulate of Lebanon resulted from the half-hearted efforts of the Bureau of Immigration and Customs Enforcement to carry out the Order of Removal.

16. The procedure adopted by the Bureau of Immigration and Customs Enforcement to justify periodic reviews of the Petitioner's status is based on a conclusion that the there is a reasonable foreseeable likelihood that the Petitioner will be removed in the foreseeable future. Based on the actions of the Bureau as set forth, and based on the fact that the Petitioner has been in detention since January of 2002, it is obvious that there is no likelihood of any reasonably foreseeable removal of the Petitioner in the immediate future.

17. The Petitioner states that he is being held unlawfully and entitled to relief because the action of the Department of Homeland Security acting through the Plymouth

County Correctional Facility Warden constitutes an indefinite detention, and is in violation of 8 USC §1231 (a)(1)(A) and as set forth in 8 CFR §241.4; the indefinite detention has been declared unlawful by the United States Supreme Court in *Zadvydas v. Davis,* 533 US678. The indefinite detention deprives the Petitioner of liberty without authority of law and violates the due process clause of the Fifth Amendment. *Reno v. Flores,* 507 U.S. 292 (1993). The Petitioner as an alien in detention is entitled to due process protection. Liberty, under the due process clause, includes protection against unlawful or arbitrary personal restraint or detention.

18. Detention is only justified as reasonably necessary to secure an alien's removal. Where the goal of detention is no longer practically attainable, the detention no longer bears a reasonable relationship to the purpose for which the individual or Petitioner was committed.

19. The Court has jurisdiction which can not be taken away by the Immigration Statute to review the status of the Petitioner and his detainment as decided in *Charles Demore, District Director, San Francisco District of Immigration and Naturalization Service, et al, Petitioners v. Hyung Joon Kim* 538 US 510 (2003).

20. The Petitioner previously filed a Petition for a Writ of Habeas Corpus on 6/10/2004 in the United States District Court, District of Massachusetts (Boston), Civil Docket No. #: 1:04-cv-11278-REK which Petition was dismissed WITHOUT PREJUDICE.

Wherefore, Petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_Henry F. Furman_
Henry F. Furman, Attorney for Petitioner
BBO#181640
Law Offices of Henry F. Furman
Nine Howland Park
Hanover, MA 02339-1410

I declare under penalty of perjury that the foregoing is true and correct.    Executed on June _12_ , 2004

_Pierre Nassif_
Pierre Nassif, Petitioner

Dated: June 12, 2004

4



**U.S. Department of Homeland Security**
Bureau of Immigration & Customs Enforcement
Detention & Removal Operations

John Fitzgerald Kennedy Federal Building
Government Center
Boston, Massachusetts 02203

August 19, 2003

Pierre NASSIF
C/o Plymouth County Correctional Facility
26 Long Pond Road
Plymouth, MA 02360

A22 497 157

Dear Sir:

On December 21, 2000, regulations were promulgated governing aliens whose removal from the United States is not immediately possible. These regulations are codified in Chapter 8 Code of Federal Regulations, Section 241.4 and supercede the interim procedures that governed these cases prior to that date.

The responsibility for conducting all future reviews in your case will be maintained by the INS Headquarters Post-order Detention Unit (HQPDU). All inquiries regarding your present custodial status should be directed to the local INS office having jurisdiction over your present place of confinement and, in duplicate, to the following address:

Headquarters Post-order Detention Unit
801 I Street, NW –Suite 800
Washington, D.C. 20536

The HQPDU will, at the earliest convenience, provide you with written notification regarding the specifics of your next review. It is in your best interest to maintain proper behavior while awaiting this action.

Sincerely,

Bruce E. Chadbourne
Interim Field Office Director
Boston, MA

EXHIBIT
"A"

*Office of Detention and Removal Operations*
U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536



## U.S. Immigration and Customs Enforcement

January 16, 2004

Pierre NASSIF (A22 497 157)
Plymouth County Correctional
26 Long Pond Road
Plymouth, MA 02360

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

You are a native and citizen of Lebanon who was paroled into the United States in 1978 and then adjusted to Lawful Permanent Resident the same year. On November 26, 2002 you were ordered removed by the Immigration Judge. You have an extensive criminal history to include convictions for Assault and Battery on Police Officer (1/6/93), Assault & Battery (domestic) 93/7/01), and have had many restraining orders against you.. You have demonstrated that you would pose a significant threat to the community. The Lebanese government issued a thirty day travel document for you in November 2003, but you were not removed because ICE was unable to secure seats during that period. A request was forwarded to the consulate of Lebanon for an extension of your document and we are expecting a positive response in the near future. There is nothing to indicate, nor have you provided any evidence, that the consul will not extend or issue a new travel document in the reasonably foreseeable future.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

_____
Signature of HQPDU Director/Designated Representative

1/8/04
Date

EXHIBIT "B"