UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PIERRE NASSIF,                )
                              )
         Petitioner           )
                              )       Civil Action No.
     v.                       )       04cv11312-REK
                              )
JOSEPH F. MCDONOUGH, SHERIFF, )
PLYMOUTH COUNTY,              )
                              )
         Respondent           )

RETURN AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

Because the petition challenges only the detention of petitioner, and because petitioner was released from respondent's[1] custody on June 16, 2004, see Attachment A, Release Notification, the relief sought by petitioner has now come to pass -- his release from respondent's custody -- and the case should be dismissed for lack of subject matter jurisdiction as moot.

**ARGUMENT**

I.   PETITIONER HAS BEEN RELEASED FROM RESPONDENT'S CUSTODY AND THEREFORE THE CASE SHOULD BE DISMISSED FOR MOOTNESS.

"It is well settled that a case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, ... or alternatively, when the 'party invoking federal court jurisdiction' no longer has 'a

---

[1] The responsive official of the Department of Homeland Security having control of petitioner's immigration custody in the instant action is Bruce Chadbourne, Field Director for Detention and

personal stake in the outcome of the controversy.'" Boston & Maine Corp. v. Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1st Cir. 1996) (citations omitted).

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law." Laurence H. Tribe, American Constitutional Law S 3-11, at 83 (2d ed. 1988) (internal quotations omitted). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case. U.S. Const. art. III, S. 2 et seq.; see also U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386, 390 (1994).

Because the result sought in the petition -- release from the custody of the Department of Homeland Security until such time as his removal becomes practicable -- has now been effected by petitioner's release from custody on June 16, 2004, see Attachment A, there is no continuing live case or controversy and accordingly the petition should be dismissed as moot.

## CONCLUSION

Because there is no present case or controversy, this action should be dismissed for mootness.

---

Removal, Bureau of Immigration and Customs Enforcement ("ICE") in

```
                          Respectfully submitted,

                          MICHAEL J. SULLIVAN
                          United States Attorney

                   By:    _____
                          FRANK CROWLEY
                          Special Assistant U.S. Attorney
                          Department of Homeland Security
                          P.O. Box 8728
                          J.F.K. Station
                          Boston, MA 02114
                          (617) 565-2415
```

Boston, Massachusetts.