UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                       )
PIERRE NASSIF,                         )
      Petitioner                       )
                                       )
v.                                     )    CIVIL ACTION
                                       )    NO. 04-11312-REK
JOSEPH F. MCDONOUGH, WARDEN AND        )
      SHERIFF, PLYMOUTH COUNTY         )
      CORRECTIONAL FACILITY,           )
      Respondent                       )
                                       )
_____)
```

**Memorandum and Order**
January 26, 2005

### I.  Pending Matters

Pending for decision are matters related to the following filing:

Respondent's Motion to Dismiss (Docket No. 3) and Return and Memorandum of Law in Support (Docket No. 4) (both filed June 30, 2004).

### II. Factual and Procedural Background

On June 14, 2004, Pierre Nassif filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1) This court directed the Clerk to serve the petition on respondent Sheriff Joseph McDonough on June 21, 2004. (Docket No. 2) The respondent moved to dismiss on June 30, 2004, (Docket Nos. 3, 4) and no response was received from petitioner.

The petition challenges the lawfulness of Nassif's detention pending removal. (Pet., Docket No. 1, at ¶17) Petitioner entered the United States from Lebanon in 1978, and

became a lawful permanent resident that same year. (Id., at ¶ 5) In 2001, he was convicted of assault and battery in state court and was sentenced to one year in prison and two years of probation. (Id., at ¶ 6) On January 30, 2002, Nassif was arrested and taken into custody by the Immigration and Naturalization Service ("INS", now part of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement "ICE"). (Id., at ¶ 7) Removal proceedings resulted in an order of removal after a hearing on November 26, 2002. (Id., at ¶ 8) Petitioner remained in ICE custody during this time, and received letters that his detention would be continued on August 19, 2003, and January 16, 2004. (Id., at ¶¶ 13, 14)

On June 14, 2004, Nassif commenced this action challenging his continued detention by the ICE as lacking in legal authority and violative of his right to due process. On June 30, 2004, the respondent moved to dismiss the case as moot, stating that Nassif was released from custody on June 16, 2004, and therefore has obtained the relief sought in his petition. (Resp.'s Memo., Docket No. 4, at 1 & Attachment A) Nassif, who is represented by counsel, has not responded in any way to this motion to dismiss.

### III. Analysis

Aliens subject to a removal order generally may be detained by the Attorney General for up to 90 days pending arrangements for their deportation, pursuant to 8 U.S.C. § 1231(a)(2). For aliens who have committed certain crimes, a special provision allows for detention beyond the 90-day removal period. 8 U.S.C. § 1231(a)(6). In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court construed this statute to contain an implied "reasonable time" limitation on detention. Id. at 682. Zadvydas also held that federal courts had jurisdiction to

review the reasonableness of the duration of detention. See id. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). Nassif's petition sought to invoke this jurisdiction of the federal court. (See Pet., Docket No. 1, at ¶ 17)

An alien awaiting removal may be released from custody subject to terms of supervision by the Attorney General. 8 U.S.C. §§ 1231(a)(3), (6). It appears, from the uncontradicted record before me, that such a conditioned release occurred in this case. (See Resp.'s Memo., Docket No. 4, Attachment A)

A case becomes moot if a party "has obtained everything that it could recover in this case by a judgment of this court in its favor." California v. San Pablo & Tulare R.R., 149 U.S. 308, 314 (1893). The respondent argues that Nassif has obtained everything that he sought in his petition: respondent has released Nassif from custody until such time as his removal becomes practicable. (Resp.'s Memo., Docket No. 4, at 2) An alien's § 2241 challenge to post-removal-period detention becomes moot if that alien is given conditioned release from custody. See Sayyah v. Farquharson, 2003 WL 1955750, *4 (D. Mass. Apr. 17, 2003), aff'd, 382 F.3d 20 (1st Cir. 2004). Nassif has not contradicted respondent's construction of the relief sought in his petition and has not contradicted respondent's report of Nassif's present status.

I conclude, based on the record before me, that I should dismiss this petition as moot.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Respondent's Motion to Dismiss (Docket No. 3) is ALLOWED.

(2) The Clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

> For the reasons stated in the Memorandum and Order of this date, it is
>
> ORDERED:
>
> This civil action is DISMISSED.

          /s/Robert E. Keeton
          Robert E. Keeton
          Senior United States District Judge